IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CV-00120

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER**<br>) |
| HUNTER CONSTRUCTION GROUP, INC.; NEW SOUTH PROPERTIES OF THE CAROLINAS, L.L.C.; APPLE CREEK VILLAGE, L.L.C.; APPLEWOOD PROPERTIES, L.L.C.; and APPLE CREEK EXECUTIVE GOLF, L.L.C. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court upon Defendant Hunter Construction Group's Motion to Dismiss or in the Alternative to Stay. For the reasons set forth below, Hunter Construction Group's Motion to Dismiss is GRANTED.

**I. Background**

Plaintiff Firemen's Insurance Company ("FIC") filed the present action seeking a declaratory judgment that FIC has no duty to defend or indemnify defendant Hunter Construction Group ("Hunter") against claims asserted against Hunter in Gaston County Superior Court. Hunter has filed a motion to dismiss the declaratory judgment action filed by FIC.

The underlying lawsuit against Hunter currently pending in Gaston County Superior

1

Court was filed by Applewood Properties, LLC ("Applewood") and Apple Creek Executive Golf, LLC ("Apple Creek Golf"). The complaint alleges that Hunter was hired to clear and grade land situated adjacent to a golf course owned by Apple Creek Golf for a residential real estate development. The underlying complaint alleges that a golf course owned by Applewood and operated by Apple Creek Golf was damaged when a silt collection basin on Hunter's construction site ruptured during a storm, resulting in a sudden discharge of mud, water and other debris that ran downhill and flooded the golf course. Applewood and Apple Creek Golf allege the flooding interrupted the course's business, damaged golf course and customer equipment and caused the underlying plaintiffs to lose business and revenues. Applewood and Apple Creek also allege that Hunter and co-defendants caused further damage to the golf course through efforts they took in trying to clean up the storm damage.

The state court complaint seeks compensatory and punitive damages and includes claims of negligence, nuisance, two counts of trespass, negligence per se, intentional misconduct and gross negligence against Hunter and the other defendants. The complaint also includes a claim for civil damages for violations of the North Carolina Sedimentation Pollution Control Act, N.C. Gen. Stat. § 113A-50. FIC issued a liability insurance policy and a business auto insurance policy to Hunter, however, in FIC's Original Complaint and Request for Declaratory Judgment, FIC contends that it has no defense or indemnity obligations to Hunter or any other party under either policy.

Hunter has filed a motion to dismiss, or in the alternative stay, the declaratory judgment filed by FIC on the grounds that this Court should decline to accept jurisdiction over FIC's petition for declaratory relief because the issues are better resolved in state court.

## II. Discussion

Pursuant to 28 U.S.C. § 2201, the district court has discretion to decide whether to grant jurisdiction over a petition for declaratory judgment. Continental Cas. Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994) The Fourth Circuit has provided four factors for a district court to apply in evaluating whether to exercise jurisdiction over an insurer's petition for declaratory judgment:

> 1) The strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;
> 2) Whether the issues raised in the federal action can more efficiently be resolved in the pending state court action;
> 3) Whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and
> 4) Whether the federal action is being used merely as a device for "procedural fencing," i.e., to provide another forum in a race for *res judicata*.

Id. at 966.

### A. North Carolina Has a Strong Interest in Having the Issues Raised in This Declaratory Judgment Action Decided in State Courts

In denying coverage for the state court claim, FIC relies on eleven policy terms and exclusions as well as coverage defenses based on "North Carolina public policy" in order to deny coverage for the claims in the underlying lawsuit. Defendant's Memorandum of Law in Support of Its Motion to Dismiss, or in the Alternative to Stay, Document #13, pg. 8 (citing FIC Compl. ¶¶ 28-32; 34; 35-40).

One such issue is the "pollution exclusion" FIC relies on to deny coverage. There are no reported North Carolina state court decisions that rule on whether the claims and allegations in the underlying lawsuit fall within the scope of a pollution exclusion in a liability policy. Defendant's Memo in Support of Motion to Dismiss, Document #13 pg. 11. There are no reported North Carolina state court decisions that examine whether mud, water, silt or other

3

debris are "pollutants" as defined by liability policies under facts similar to those presented in the underlying lawsuit. Id.  There are also no reported North Carolina state court decisions addressing when or whether a claim based on an alleged violation of the North Carolina Sedimentation Act may be barred from coverage by a policy's pollution exclusion.  Id.

FIC relies on Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Triangle Paving, Inc., 973 F.Supp. 560 (E.D.N.C. 1996), however it is not applicable to the present case.  Since the parties in Triangle Paving conceded jurisdiction the court did not weigh the Fourth Circuit factors for granting jurisdiction as this Court must in the present case. Id. at 562.  Further, the insured in Triangle Paving had already settled the claims against it by the injured parties.  Thus there was no ongoing lawsuit taking place in state court; therefore the district court did not need to address the question of North Carolina's interest in deciding an issue of state law because no North Carolina court would be bound by the federal court's determination that the mud was a pollutant within the meaning of the policy.  In the present case, if this Court issued a declaratory judgment that the water, mud and sediment at issue is or is not pollution, the state court proceeding will be affected and could deprive the state court of the ability to decide an issue of first impression from scratch.

FIC's coverage defenses raise other issues that will require rulings from this Court, such as whether the damage allegedly caused by Hunter's actions in attempting to restore the golf course after the flooding is also excluded under the pollution exclusion and whether the pollution exclusion applies to preclude coverage for any damages arising from an alleged violation of the North Carolina Sedimentation Act.  North Carolina has an interest in deciding questions such as these, as their outcomes have implications for all insureds and insurers in North Carolina,

4

particularly those involved in the construction industry.

This Court finds that the issues of North Carolina law raised in FIC's coverage defenses are new and unsettled, and thus weigh heavily in favor of declining jurisdiction over the declaratory judgment action. See Hartford Fire Ins. Co. v. Kinston Plumbing & Heating Co. Inc., 342 F.Supp. 120, 122 (E.D.N.C. 1994).

### B. The Issues Raised in the Federal Action Can More Efficiently be Resolved in the Pending State Court Action

In a petition for declaratory judgment, when the state and federal actions stem from the same set of operative facts, and certain factual issues are related to both the coverage action and the underlying liability action against the insured, the balance is tipped in favor of declining jurisdiction, even though no coverage action is pending in state court. Mitcheson v. Harris, 955 F.2d 235, 239. Further, The Fourth Circuit has held that there is no requirement that a parallel proceeding be pending in state court before a federal court should decline to exercise jurisdiction over a declaratory judgment action, so long as the other factors weigh in favor of denying jurisdiction. Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423.

Although FIC is not a party to the underlying state court lawsuit, and there is currently no parallel insurance coverage action pending in state court, this Court finds that the factual issues that relate to the underlying liability action and the issues relating to the present declaratory judgment action overlap and could be more effectively and efficiently adjudicated in a single court system.

### C. Permitting the Federal Action to Go Foward Would Result in Unnecessary "Entanglement" Between the Federal and State Court Systems, Because of the Presence of "Overlapping Issues of Fact or Law"

5

There are several issues in FIC's coverage action that will overlap with issues in the liability case currently pending in state court. One such issue arises from FIC's claim that an "expected or intended injury" exclusion in the policy relieves them of the obligation to cover the claim in the underlying lawsuit. In order to rely on this FIC must show that Hunter intended to cause the damages alleged in the underlying lawsuit. Litigating this coverage defense requires conducting discovery and developing evidence about issues in the underlying liability case - which includes claims for relief base on negligence and intentional misconduct, therefore weighing in favor of declining jurisdiction.

FIC relies on <u>Penn-America Ins. Co. v. Coffey</u>, 368 F.3d 409 (4th Cir. Va. 2004), to argue that these issues need not be litigated - that the court may compare the events as alleged in the state court complaint. However, <u>Coffey</u> is not applicable to the present case because it relied on Virginia law to reach its result. <u>Id.</u> at 413. Under North Carolina law, when determining the duty to defend, an insurer must also consider facts outside the pleadings. <u>Waste Management of Carolinas, Inc. v. Peerless Ins. Co.</u>, 340 S.E.2d 374, 377 (N.C. 1986). In the present case, this Court would have to look outside the pleadings in order to determine whether the pollution exclusion relied on by FIC would cover the floodwater and debris on the golf course, which would result in entanglement with issues being litigated in the underlying state action.

**D. The Declaratory Judgment is Not Being Used Merely as a Device for "Procedural Fencing"**

There is little evidence that FIC is attempting to use this declaratory judgment action as a type of procedural fencing. Simply because a party could have filed a declaratory judgment action in state court does not mean that by filing the same action in federal court, as authorized

by 28 U.S.C. § 2201, the party is doing so solely as a means to engage in "procedural fencing." See generally Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 380. In the present case, FIC has petitioned for a declaratory judgment in accordance with 28 U.S.C. § 2201 and it would appear as though it only wants a declaration of their obligations for an early resolution should Hunter be found liable in the underlying suit and attempt to sue FIC for indemnity.

**III. Conclusion**

Given the unsettled issues of North Carolina law implicated in FIC's coverage defenses and the overlapping of issues between the declaratory judgment action and the underlying state court action, it is in the interest of judicial efficiency and comity that this Court decline jurisdiction over the declaratory judgment action and dismiss the case without prejudice. While FIC makes valid arguments that this Court may not be required to make factual determinations with regard to all of its coverage defenses, and that it is not using this action merely as a device for procedural fencing, when looking at the case as a whole and considering all of the Fourth Circuit factors together, the balance is tipped in favor of allowing the North Carolina courts to resolve the issues raised in this case.

IT IS THEREFORE ORDERED that Defendant Hunter Construction Group's Motion to Dismiss is GRANTED.

Signed: May 29, 2008

Graham C. Mullen
United States District Judge